IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CARLOS WAYNE TOOMBS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0175 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
## AS TIME BARRED UNDER 28 U.S.C. § 2244(d)

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CARLOS WAYNE TOOMBS on June 28, 2006.[1] By this habeas application, petitioner appears to be challenging his conviction, out of the 108th Judicial District Court of Potter County, Texas for the felony offense of sexual assault of a child and the resultant forty (40) year sentence.

Respondent filed a Motion to Dismiss as Time-Barred with Brief in Support on August 22, 2006 wherein he fully and accurately briefed the issue of limitations. Petitioner filed a "Traverse /or Reply to States (sic) Answer" on September 5, 2006. In his reply, petitioner argues he filed two motions for the testing of forensic evidence, specifically DNA testing, with the trial court and that the pendency of those motions should count as a tolled period for purposes of the AEDPA. As respondent argued in his Motion to Dismiss, a postconviction

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

motion for DNA testing is not considered collateral review and does not toll the statute of limitations.  Further, even if such motion would qualify as other collateral review and did toll, petitioner TOOMBS is still time barred because petitioner did not filed his state habeas petition until 595 days after the motion was denied.  (Respondent's Motion to Dismiss at 5, Footnote 4).  Upon review of respondent's motion, the Court is of the opinion respondent is correct in his assertion that petitioner's habeas application is time barred.  Therefore, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED as time barred.

### RECOMMENDATION

For the reasons set forth in respondent's August 22, 2006 Motion to Dismiss as Time-Barred and herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CARLOS WAYNE TOOMBS be DISMISSED as time barred.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of September 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).